RECEIVED
IN LAKE CHARLES, LA.

DEC 5 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DUSTIN HAES CORMIER and TARA LYNN DAIGLE CORMIER, | * * * | CIVIL ACTION NO. 2:14-cv-461 |
| Plaintiffs, | * * | |
| v. | * * | JUDGE MINALDI |
| GREEN TREE SERVICING, LLC, | * * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the court is Green Tree Servicing LLC's ("Green Tree") Rule 12(c) Motion to Dismiss [Doc. 9], to which the plaintiffs have filed an Opposition [Doc. 11], and Green Tree has filed a Reply [Doc. 12]. For the following reasons, Green Tree's Motion to Dismiss [Doc. 9] be and hereby is **GRANTED, IN PART,** and **DENIED, IN PART.**

**FACTS & PROCEDURAL HISTORY**

In July 2010, the plaintiffs executed a promissory note that was secured by a mortgage over a six acre tract ("the Tract") owned by the plaintiffs.[1] Approximately two years later the mortgage and note were assigned to BAC Home Loans Servicing.[2] A flood insurance policy over the Tract was in effect for 2010, 2011, and 2012, but on August 10, 2012, Lereta, L.L.C. ("Lereta") issued a flood zone determination that the Tract was not located within a FEMA-designated flood zone.[3] The flood insurance policy was then canceled, effective July 15, 2012.[4]

---

[1] Pet. for Damages [Doc. 1-1] ¶¶ 3-4.
[2] *Id.* ¶ 5.
[3] *Id.* ¶¶ 6-7.
[4] *Id.* ¶ 8.

1

On March 12, 2013, the promissory note and the mortgage were assigned to Green Tree.[5] Green Tree sent a notice of default to the plaintiffs on April 3, 2013, informing the plaintiffs that they were in default for failure to make "monthly payments due February 1, 2013 through April 1, 2013."[6] Then, on April 22, 2013, Green Tree sent correspondence notifying the plaintiffs that the Tract was in a flood zone, and if flood insurance coverage was not secured within fifteen days, then Green Tree would purchase flood insurance for the Tract.[7] The plaintiffs notified Green Tree that the Lereta flood zone determination stated that the Tract was not in a flood zone on May 15, 2013.[8] Green Tree, however, thereafter purchased a flood insurance policy without the plaintiffs' permission.[9]

Plaintiffs continued to pay their monthly mortgage payments, but Green Tree refused their monthly payments for June, July, August, and September, 2013.[10] Instead of applying the plaintiffs' payments toward the principal and interest under the note, Green Tree applied those payments to an escrow account to cover the flood insurance policy purchased without plaintiffs' permission by Green Tree.[11] On August 28, 2013, Green Tree filed a petition for executory process against the plaintiffs in the 31st Judicial District Court for Louisiana in which Green Tree asserted claims that the plaintiffs were in default beginning on February 1, 2013.[12] The petition sought foreclosure.[13]

---

[5] Pet. for Damages [Doc. 1-1] ¶ 9.
[6] *Id.* ¶ 10.
[7] *Id.* ¶ 11.
[8] *Id.* ¶ 12.
[9] *Id.* ¶ 14.
[10] Pet. for Damages [Doc. 1-1] ¶ 13.
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 16.
[13] *Id.*

On September 30, 2013, the plaintiffs paid Green Tree $30,476.73 to reinstate the note and stop the foreclosure.[14] The payment was made under protest, and "was only made to remove the uncertainty of Petitioners' residence being sold at a sheriff's sale."[15] The foreclosure suit was then dismissed.[16]

On January 17, 2014, the plaintiffs filed suit in the 31st Judicial District Court of Louisiana, alleging causes of action under the Louisiana Uniform Trade Practices and Consumer Protection Law, the Flood Disaster Protection Act, and the Fair Debt Collection Practice Act.[17] The plaintiffs also demanded reimbursement of the amount paid to reinstate the note, and the attorney fees and costs associated with defending the foreclosure suit.[18] Green Tree removed the suit to this court on February 27, 2014, under federal question and diversity jurisdiction.[19] The present motion was filed on April 11, 2014.[20]

## LAW & ANALYSIS

### I.  Standard for Dismissal

The standard for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that applied to a motion for dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990); and *Cramer v. Skinner,* 931 F.2d 1020, 1025 (5th Cir.1991)). Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See*

---

[14] Pet. for Damages [Doc. 1-1] ¶ 17.
[15] *Id.*
[16] *Id.* ¶ 18.
[17] *Id.* ¶¶ 19-29, 34-39.
[18] *Id.* ¶¶ 30-33.
[19] *See* Not. of Removal [Doc. 1].
[20] *See* Green Tree Servicing LLC's Rule 12(c) Motion to Dismiss [Doc. 9].

3

Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

In ruling on motions to dismiss under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Jackson v. NAACP*, No. 12-20399, 2013 U.S. App. LEXIS 20493, at *9 (5th Cir. Oct. 8, 2013) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (additional citation omitted)). "The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff." *Herbert v. Delta Airlines, Inc.*, No. 11-cv-1574, 2012 U.S. Dist. LEXIS 93848, at *6 (W.D. La. Jun. 5, 2012) (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted)). However, conclusory allegations are not to be accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual conclusion." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### II.   Flood Disaster Protection Act and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA")

Green Tree contends, and the plaintiffs concede, that there are no private causes of action under either the Flood Disaster Protection Act or LUTPA under these facts.[21]  The parties are correct. *See Wentwood Woodside I, LP v. GMAC Commerical Mortg. Corp.,* 419 F.3d 310, 323 (5th Cir. 2005) ("Every single federal court to consider whether a federal private right of action arises under [the Flood Disaster Protection Act] has concluded that the federal treasury, not individual mortgagors . . . , is the class the statute intends to protect."); and La. R.S. § 51:1406 (expressly providing that LUTPA does not apply to entities, such as Green Tree, that are regulated or licensed by the Louisiana Commissioner of Financial Institutions).  Accordingly, the court finds that the plaintiffs neither have claims arising under the Flood Disaster Protection Act nor under LUTPA.

### III.   Fair Debt Collection Practices Act ("FDCPA")

Green Tree asserts that the plaintiffs cannot assert a claim against it for a violation of the FDCPA because Green Tree is not a "debt collector."[22]  The plaintiffs claim that Green Tree is a debt collector under the FDCPA because Green Tree has explicitly referred to itself as a "debt collector" on more than one occasion.[23]

The FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Additionally, "a debt collector may not use any false, deceptive, or misleading representations or means in connection

---

[21] Mem. in Opp'n to Mot. to Dismiss [Doc. 11], at 8.
[22] Mem. in Supp. of Green Tree Servicing LLC's Rule 12(c) Mot. to Dismiss [Doc. 9-1], at 16.
[23] Mem. in Opp'n to Mot. to Dismiss [Doc. 11], at 9-10.

with the collection of any debt." *Id.* § 1692e. Finally, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* § 1692d.[24]

The FDCPA defines a "debt collector" as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." *Id.* § 1692a(6) (emphasis added). Mortgage lenders and other creditors are not "debt collectors" within the meaning of the FDCPA. *Montgomery v. Wells Fargo Bank, N.A.*, 459 Appx. 424, 428 n. 1 (5th Cir 2012) (per curiam) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 .Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd*, 269 Fed.Appx. 523 (5th Cir 2008)). Self-identification as a "debt collector" is insufficient to overcome the law on this issue. *See Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581 *9 (S.D. Tex. 2012); *see also JP Morgan Chase Bank, N.A. v. Horvath*, 862 F.Supp.2d 744, 753-54 (S.D. Ohio 2012); and *Prince v. NCO Fin. Servs., Inc.*, 346 F.Supp.2d 744, 750-51 (E.D. Pa. 2004). Because Green Tree is not a debt collector within the meaning of the FDCPA regardless of whether it self-identified as one, the plaintiffs do not have a cause of action for a violation of the FDCPA.[25]

### IV. *Res Judicata* and Waiver

Green Tree contends that the plaintiffs' claims based on the foreclosure and subsequent reinstatement payment must be dismissed because the plaintiffs failed to challenge the default within the foreclosure proceeding.[26] The plaintiffs argue that they did not waive any defenses against Green Tree arising from the foreclosure proceeding and that *res judicata* does not apply

---

[24] To the extent that the plaintiffs attempt to make any other claims under the FDCPA, the court notes that a violation of the Act may only be effectuated by a "debt collector." *See* 15 U.S.C. §§ 1692-1692p.
[25] The plaintiffs asserted that Green Tree's violations of the FDCA entitled them to attorney's fees. Mem. in Opp'n to Mot. to Dismiss [Doc. 11], at 12-13. Because the plaintiffs have alleged not alleged a violation of the FDCA, there is similarly no entitlement to attorney's fees.
[26] Mem. in Supp. of Green Tree Servicing LLC's Rule 12(c) Mot. to Dismiss [Doc. 9-1], at 16.

because Louisiana law would have prohibited the plaintiffs from asserting the current causes of action in the foreclosure suit.[27]

A state court's order to seize and sell property is a final judgment for res judicata purposes. *Truong v. Bank of Am., N.A.,* 717 F.3d 377, 380 n. 1 (5th Cir. 2013) (citing *Countrywide Home Loans Serv., LP v. Thomas,* 113 So.3d 355, 59-60 (La.Ct.App. 2013)). When a state court judgment is given preclusive effect, this court must apply that state's issue preclusion rules. *In re Keaty,* 397 F.3d 264, 270 (5th Cir. 2005). Application of issue preclusion in Louisiana requires that (1) the parties are identical; (2) the issue to be precluded is identical to that involved in the prior action; (3) the issue was actually litigated; and (4) the determination of the issue in the prior action was necessary to the resulting judgment. *Id.* at 270-71 (citations omitted).

"Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage . . . evidenced by an authentic act importing a confession of judgment . . . ." La. Code Civ. Proc. Ann. art. 2631 (2014). In Louisiana, there are only two ways to challenge an order for executory process: an injunction proceeding and a suspensive appeal. La. Code Civ. Proc. Ann. art. 2642 (2014). Grounds for an injunction proceeding include when the debt is extinguished or legally unenforceable, or if the procedure require by law for an executory proceeding has not been followed. La. Code Civ. Proc. Ann. art. 2751 (2014). In an appeal of an order for executory process, the only issue that can be raised is typically the authenticity of the process itself. *Avery v. CitiMorgage, Inc.,* 15 So.3d 240, 243 (La. Ct. App. 2009) (citations omitted). Parties are procedurally prohibited from bringing ordinary actions in executory proceedings. *Id.* at 7 (citing

---

[27] Mem. in Opp'n to Mot. to Dismiss [Doc. 11], at 10.

*Wells v. Standard Mortg. Corp.*, 865 So.2d 112, 116 (La. Ct. App. 2003)); *see also Deutsche Bank Trust Co. Am. v. Ochoa*, 120 So.3d 735, 739 (La. Ct. App. 2013).

Green Tree cites to *Truong* to argue that the failure to object to foreclosure waives any objections to the foreclosure, and this waiver prevents discussion of a lender's entitlement to foreclose and the validity of documents.[28] The plaintiff in *Truong* was requesting a "declaration that BOA and Wells Fargo lacked the necessary authentic evidence to support the use of executory process." *Truong*, 717 F.3d at 387. The Fifth Circuit found that a challenge based on authenticity was barred by *res judicata* because the issuance of a writ of seizure and sale requires a Louisiana judge to determine authenticity. *Id.* at 388. The court also reasoned that a challenge to authenticity "must be done in an injunction proceeding in the court that ordered the writ to be issued." *Id.* (citation omitted).

However, the plaintiffs here are neither challenging the authenticity of the documents used in the foreclosure suit nor asserting that the debt was legally unenforceable or extinguished. The plaintiffs base their claims for damages on the "actions/inactions of Green Tree" leading to the foreclosure.[29] In *Avery v. CitiMortgage, Inc.*, the plaintiff argued that his claims for damages arising from CitiMortgage's failure to properly credit his account were not barred by *res judicata*. *Avery*, 15 So.3d at 244. The appellate court agreed and found that the trial court erred in dismissing such claims because the inability to bring an ordinary proceeding constituted exceptional circumstances justifying relief from *res judicata*. *Id.* Additionally, because the plaintiff in *Avery* was procedurally barred from bringing his claims for damages in the executory proceeding, it was irrelevant that the plaintiff did not seek an injunction or appeal the executory-process judgment. *Id.*

---

[28] Reply Mem. in Further Supp. of Green Tree Servicing LLC's Rule 12(c) Mot. to Dismiss [Doc. 12], at 6.
[29] Pet. for Damages [Doc. 11-1] ¶ 31.

Although failure to object to foreclosure functions as a waiver to attack the propriety of the foreclosure itself, the plaintiffs' claims arising from Green Tree's actions or inactions are not waived. The inability of the plaintiffs to bring their claim for damages within the foreclosure suit is sufficient extraordinary circumstances to justify relief from *res judicata* in this case. Accordingly,

**IT IS ORDERED** that Green Tree's Motion to Dismiss [Doc. 9] be and hereby is **DENIED** as to the plaintiffs' state law claims.

## CONCLUSION

**IT IS ORDERED** that Green Tree's Motion to Dismiss [Doc. 9] be and hereby is **GRANTED** as to the plaintiffs' claims under the Flood Disaster Protection Act, LUTPA, and FDCPA.

**IT IS FURTHER ORDERED** that Green Tree's Motion to Dismiss [Doc. 9] be and hereby is **DENIED** as to the plaintiffs' state law claims.

Lake Charles, Louisiana, this 4 day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE